**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| HAAMID DARCUIEL,<br><br>        Petitioner,<br>   v.<br><br>TURNING POINT, HALFWAY HOUSE OF FRESNO,<br><br>        Respondent. | Case No. 1:14-cv-01221-BAM-HC<br><br>ORDER DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION (DOC. 1)<br><br>ORDER DIRECTING THE CLERK TO CLOSE THE CASE |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Pursuant to 28 U.S.C. 636(c)(1), Petitioner has consented to the jurisdiction of the United States Magistrate Judge to conduct all further proceedings in the case, including the entry of final judgment, by manifesting consent in a signed writing filed by Petitioner on October 6, 2014. (Doc. 8.) Pending before the Court is the petition for writ of habeas corpus (doc. 1), which was filed as a civil rights complaint on August 4, 2014, and re-designated as a habeas corpus petition thereafter.

///

1

I.  Screening the Petition

The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241. Habeas Rule 1(b). Habeas Rule 4 requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court...." Habeas Rule 4; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990). Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of constitutional error. Rule 4, Advisory Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n.7 (1977)). Allegations in a petition that are vague, conclusory, patently frivolous or false, or palpably incredible are subject to summary dismissal. Hendricks v. Vasquez, 908 F.2d at 491.

Further, the Court may dismiss a petition for writ of habeas corpus either on its own motion under Habeas Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. Advisory Committee Notes to Habeas Rule 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43 (9th Cir. 2001).

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

II.  Jurisdiction

Because the petition was filed after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA applies to the petition. Lindh v. Murphy, 521 U.S. 320, 327 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

A court will not infer allegations supporting federal jurisdiction; a federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears, and thus federal subject matter jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a); Stock West, Inc. v. Confederated Tribes of the Colville Reservation, 873 F.2d 1221, 1225 (9th Cir. 1989). When a federal court concludes that it lacks subject matter jurisdiction, the court must dismiss the action. Arbaugh v. Y&H Corp., 546 U.S. 500, 514 (2006); Moore v. Maricopa County Sheriff's Office, 657 F.3d 890, 894 (9th Cir. 2011).

  A.  Absence of Subject Matter Jurisdiction over the Discretionary Placement Decision

In the petition filed on August 4, 2014, Petitioner alleges that he is serving a federal sentence with an anticipated release date of March 16, 2015; the Federal Bureau of Prisons (BOP) designated him, and/or submitted him for designation, to a residential reentry center (RRC), but the halfway house in Fresno

3

that is named as Respondent in the petition declined to accept Petitioner because Petitioner had suffered a prior assault conviction that was characterized as domestic violence. Petitioner seeks an order directing the Respondent halfway house to accept Petitioner into the RRC. (Pet., doc. 1, 2-3.)

Petitioner expressly alleges that the actions of the BOP were in accordance with statutes and BOP policy, and he states that the decision in Reeb v. Thomas, 636 F.3d 1224 (9th Cir. 2010) has no bearing in his action; he states that he is not challenging any policy or procedure of the BOP, but rather proceeds against the halfway house, which excluded him. (Doc. 1 at 9.)

Insofar as Petitioner challenges his access to a RRC, Petitioner is challenging the manner in which his sentence has been executed. See, Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990).

Petitioner argues that he proceeds pursuant to 28 U.S.C. § 2241, which provides that relief by way of a writ of habeas corpus extends to a person in custody in violation of the Constitution of laws or treaties of the United States. 28 U.S.C. § 2241(c)(3). Review of the petition shows that the essence of Petitioner's challenge is that there was error in the discretionary decision to place him in a RRC that in turn rejected him because of a factor relating to Petitioner's criminal history. Although this challenge facially involves execution of Petitioner's sentence, it is established that this Court lacks subject matter jurisdiction under § 2241 to undertake review of some discretionary decisions.

For example, this Court has no subject matter jurisdiction in a proceeding pursuant to § 2241 to review the discretionary decision

4

of the BOP whether or not to place a prisoner in a residential drug abuse program pursuant to 18 U.S.C. § 3621(b). <u>Reeb v. Thomas</u>, 636 F.3d 1224, 1226-28.  This is because Congress has mandated that the BOP, under the direction of the Attorney General, "shall have charge of the management and regulation of all federal penal and correctional institutions."  18 U.S.C. § 4042(a)(1).  Further, Congress has delegated to the BOP the authority to designate the institution of confinement.  Title 18 U.S.C. § 3621(b) provides in pertinent part as follows:

> (b) The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> 1) the resources of the facility contemplated;
>
> 2) the nature and circumstances of the offense;
>
> 3) the history and characteristics of the prisoner;
>
> 4) any statement by the court that imposed sentence-
>
>> A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> B) recommending a type of penal or correctional facility as appropriate; and
>
> 5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.
>
> In designating the place of imprisonment or making transfers under this subsection, there shall be no favoritism given to prisoners of high social or economic

5

>     status.  The Bureau may at any time, having regard for the
>     same matters, direct the transfer of a prisoner from one
>     penal or correctional facility to another.

18 U.S.C. § 3621(b).

In <u>Reeb v. Thomas,</u> 636 F.3d 1224, a federal prisoner proceeded pursuant to 28 U.S.C. § 2241 with a claim that the BOP had abused its discretion in expelling him from a residential drug abuse program (RDAP).  The Petitioner sought re-admission into the RDAP and a twelve-month reduction in sentence upon successful completion of the program.  The court held that 18 U.S.C. § 3625 precludes judicial review of discretionary, individualized RDAP determinations made by the BOP pursuant to 18 U.S.C. § 3621, which placed in the discretion of the BOP the determination of RDAP eligibility and entitlement to sentence reductions for program participation.  The court based its decision on provisions of the Administrative Procedure Act (APA) that provided a cause of action for persons suffering legal wrong or adverse effect from agency action, but which further withdrew the cause of action to the extent that the pertinent underlying statute "preclude[s] judicial review" or "the agency action is committed to agency discretion by law."  <u>Reeb v. Thomas</u>, 636 F.3d at 1226; 5 U.S.C. §§ 702, 701(a).  The court further relied on 18 U.S.C. § 3625, which stated in pertinent part that the provisions of 5 U.S.C. §§ 701 through 706 "do not apply to the making of any determination, decision, or order under this subchapter."  <u>Reeb</u>, 636 F.3d at 1226 (quoting 18 U.S.C. § 3625).

The court stated the following:

> There is no ambiguity in the meaning of 18 U.S.C. § 3625. The plain language of this statute specifies that the judicial review provisions of the APA, 5 U.S.C. §§ 701-706, do not apply to "any determination, decision, or order" made pursuant to 18 U.S.C. §§ 3621-3624. The BOP has authority to manage inmate drug treatment programs, including RDAP, by virtue of 18 U.S.C. § 3621. To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625. Accordingly, any substantive decision by the BOP to admit a particular prisoner into RDAP, or to grant or deny a sentence reduction for completion of the program, is not reviewable by the district court. The BOP's substantive decisions to remove particular inmates from the RDAP program are likewise not subject to judicial review.

Id. at 1227. The court emphasized that the RDAP decisions challenged in that case were matters properly left to the BOP's discretion. Id. Further, the court noted that although the decisions could not be reviewed for abuse of discretion, judicial review remained available for allegations that BOP action was contrary to established federal law, violated the United States Constitution, or exceeded statutory authority. Id. at 1228.

The present case is analogous with Reeb. Petitioner admits that he is not making a categorical challenge to any policy or program of the BOP; rather, he is complaining of the individualized, discretionary decision of the BOP to place Petitioner in a particular facility that rejected Petitioner. Here, as in Reeb, pursuant to 18 U.S.C. § 3621(b), the designation of an institution of confinement, including but not limited to a decision regarding placement in a RRC, is a matter within the discretion of the BOP.

Further, in 18 U.S.C. § 3624(c), the BOP is granted the discretion to make the discretionary placement decision which Petitioner challenges, and the discretionary authority of the BOP under § 3621 is expressly protected, as follows:

> (c) Prerelease custody.--
>
> (1) In general.--The Director of the Bureau of Prisons <u>shall, to the extent practicable</u>, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.
>
> (2) Home confinement authority.--The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months.
>
> (3) Assistance.--The United States Probation System shall, to the extent practicable, offer assistance to a prisoner during prerelease custody under this subsection.
>
> (4) No limitations.--<u>Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the Bureau of Prisons under section 3621</u>.

18 U.S.C. § 3624(c)(1)-(4) (emphasis added).

The Court concludes that Petitioner's case comes within the ambit of <u>Reeb</u>.  This Court lacks subject matter jurisdiction to undertake the review which Petitioner seeks. Accordingly, the petition must be dismissed.

Further, because the dismissal results not from inadequate factual allegations but rather from the nature of Petitioner's challenge as not cognizable in this proceeding, granting leave to

8

amend would be futile.  Therefore, the petition will be dismissed without leave to amend.

   B. <u>Absence of Jurisdiction over Respondent</u>

 Petitioner named as Respondent not his custodian, but rather the halfway house which rejected Petitioner.

 The proper respondent in a proceeding pursuant to 28 U.S.C. § 2241 is the warden of the facility where the prisoner is being held.  See, <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 435 (2004); <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 494-95 (1973); <u>Brittingham v. United States</u>, 982 F.2d 378, 379 (9th Cir. 1992).  The warden, as the immediate custodian, has day-to-day control over the prisoner and thus has the power to produce the prisoner.  <u>Brittingham v. United States</u>, 982 F.2d at 379.

 With respect to leave to amend to name a proper respondent, granting leave to amend would be futile because even if Petitioner named a proper Respondent, the Court would nevertheless lack subject matter jurisdiction over the controversy because the underlying discretionary decision may not be reviewed in this proceeding.

 III. <u>Disposition</u>

 In accordance with the foregoing analysis, it is ORDERED that:

 1) The petition for writ of habeas corpus is DISMISSED without leave to amend and without prejudice for lack of subject matter jurisdiction; and

///
///
///
///

    2) The Clerk is DIRECTED to close the case because this dismissal terminates the case in its entirety.

IT IS SO ORDERED.

    Dated: __**October 29, 2014**__            /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE